UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

      Plaintiff,                   Hon. Janet T. Neff

v.                                  Case No. 1:10 CV 307

STATE OF MICHIGAN,
et al.,

      Defendants.
_____/

# REFORMATTED
# REPORT AND RECOMMENDATION

Plaintiff initiated the present action against the State of Michigan and numerous other individuals and

entities. (Dkt. #1). Because Plaintiff is not represented by counsel, the Honorable Janet T. Neff referred the matter to this Court for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." (Dkt. #4). The Court has granted Plaintiff's motion to proceed as a pauper in this matter. (Dkt. #5). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can

be granted. Having conducted this initial review, the Court recommends that Plaintiff's complaint be dismissed.

In his largely unintelligible complaint, Plaintiff requests that this Court enjoin an ongoing state court criminal action. Specifically, Plaintiff requests that the Court enjoin case number 10-16022-FY-2 (Kalkaska Cnty. Dist. Ct.). In this particular matter, Plaintiff appears to have been charged with the felony of using false pretenses with the intent to defraud an amount in excess of $20,000.00. *See* http://www.circuit46.org/Kalkaska/c46k_cases.php (last

visited on April 1, 2010); Mich. Comp. Laws 750.218. On March 24, 2010, Plaintiff was bound over for trial on this charge in Kalkaska Circuit Court. *See* http://www.circuit46.org/Kalkaska/c46k_cases_detail.php?case_id=13414&SID (last visited on April 1, 2010). Plaintiff's action must be dismissed for several reasons.

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized,

the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Moreover, the federal district courts are prevented from interfering with ongoing state criminal proceedings, except under certain very limited circumstances, none of which Plaintiff has asserted exist. *See, e.g., Michel v. City of Akron*, 278 Fed. Appx. 477, 478-79 (6th Cir., May 15, 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Furthermore, to the extent that Plaintiff is attempting to assert a claim

over which this Court may properly assert jurisdiction, Plaintiff has failed to allege facts which state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's action be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

Date: April 29, 2010            /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        U.S. Magistrate Judge