UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

    Plaintiff,

v

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

Case No. 1:10-cv-307

HON. JANET T. NEFF

## **OPINION AND ORDER**

Pending before the Court is plaintiff's "Writ of Curam Nobis, Motion and Order to Vacate Order of

1

Dismissal; Request Extension of Time for Response Due to Extreme Medical Emergencies; Request Pro Bono Attorney Due to Disabilities" (Dkt 18). Defendants did not file any response to the motion. For the reasons that follow, the Court determines that the motion is properly denied.

On March 31, 2010, plaintiff, proceeding pro se, filed a "Vacation of Pre-Trial & Arraignment, Post Judgement Appeal to U.S. Federal Court, Stay on all State Court Proceedings, Removal of Attorney Seger, Sua-Sponte by Scintilla of Evidence, Writ of Mandamus for Federal Grand Jury," initiating the

present action against the State of Michigan and twelve other individuals and entities in an attempt to enjoin an ongoing state court criminal action against him. The matter was referred to the Magistrate Judge, who granted plaintiff leave to proceed *in forma pauperis*. The Magistrate Judge performed an initial screening of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation on April 2, 2010 (Dkt 6), recommending several bases upon which this Court should properly dismiss plaintiff's complaint. The Report and Recommendation indicated that any

objections to the Report and Recommendation were due within 14 days pursuant to 28 U.S.C. § 636(b)(1)(C).

Plaintiff did not thereafter timely file any objections to the Report and Recommendation, although he did file four other documents, including an "Objection to Order of Reference" (Dkt 7), two motions seeking accommodation from the Court for his alleged vision disability (Dkts 9 & 11), and a Motion for a "Preliminary Injunction on State Court Proceedings" (Dkt 12). On April 29, 2010, the Magistrate Judge granted plaintiff's request to

accommodate his alleged vision disability and reformatted the Report and Recommendation in a larger point font (Dkt 15). Moreover, the Magistrate Judge provided him with an additional 14-day period in which to file objections (*id.*). Again, plaintiff did not file any objections to the Report and Recommendation, and, on May 24, 2010, this Court entered a Judgment adopting the Report and Recommendation and dismissing this action (Dkt 17).

On June 8, 2010, plaintiff filed the post-Judgment motion presently pending before the Court, seeking to have this Court vacate its Judgment, appoint him pro

bono counsel, and provide a new 21-day objection period during which the appointed attorney would presumably file objections to the Magistrate Judge's recommended dismissal of his case.[1] Plaintiff's motion does not reference any Federal Rules of Civil Procedure, but the motion was filed within the 28-day time period for motions to alter or amend a judgment

---

[1] It is not clear whether plaintiff's characterization of his post-Judgment motion as an "Appeal/Petition" (Mot. at ¶ 7) was intended to initiate an appeal to the Sixth Circuit Court of Appeals or merely an appeal to this Article III Judge. In any event, a Notice of Appeal was docketed, the Court of Appeals assigned the appeal its case number 10-1778, and the appeal was subsequently dismissed for lack of prosecution (Dkt 20).

as provided in Federal Rule of Civil Procedure 59(e). The motion does not, however, state any grounds for reconsideration as required by Rule 7(b)(1)(B). FED. R. CIV. P. 7(b)(1)(B) ("[A] motion must ... state with particularity the grounds for seeking the order."). *See Intera Corp. v. Henderson,* 428 F.3d 605, 611 (6th Cir. 2005) (finding a one-sentence motion "inadequate" as a Rule 59(e) motion to alter or amend a judgment because it does not state, "with particularity," the grounds therefor). Therefore, to the extent plaintiff's document is appropriately construed as a Rule 59(e) motion, it is properly denied.

This Court may also consider plaintiff's post-Judgment motion under Rule 60(b) of the Federal Rules of Civil Procedure. *See Lommen v. McIntyre,* 125 F. App'x 655, 658-59 (6th Cir. 2005) (citing *Peake v. First Nat'l Bank & Trust Co.,* 717 F.2d 1016, 1020 (6th Cir. 1983)). Plaintiff does not assert that the facts of his case fall within one of the five enumerated reasons contained in Rule 60(b) that would warrant relief from judgment. FED. R. CIV. P. 60(b)(1)-(5). Subdivision (6) permits a district court to grant a motion for relief from judgment for "any other reason that justifies relief," but this Circuit adheres to the

view that courts should apply Rule 60(b)(6) only in "exceptional or extraordinary circumstances," not as a substitute for an appeal. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

On these facts, where plaintiff has requested counsel, courts determine whether "exceptional circumstances" exist by examining "the type of case and the abilities of the plaintiff to represent himself." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir. 1987)). This generally involves a

determination of the "complexity of the factual and legal issues involved." *Id.* (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)).

Even assuming plaintiff's vision disability compromises his ability to represent himself, the claims he wishes to pursue in this civil action do not warrant granting him the privilege of appointed counsel. Rather, appointment of counsel would be a futile act. As the Magistrate Judge concluded in the Report and Recommendation, plaintiff's complaint suffers from fatal jurisdictional defects, and he has little to no chance of success based on the facts alleged

in the pleadings. Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a pro se litigant's claims are frivolous, or when the chances of success are extremely slim. *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985) (citations omitted). Consequently, the Court does not find that exceptional circumstances are present here to justify the appointment of counsel and concomitantly no reason to vacate this Court's Judgment and provide an additional objection period.

In sum, neither Rule 59(e) nor Rule 60(b) affords plaintiff the post-Judgment relief he seeks. Therefore:

**IT IS HEREBY ORDERED** that the "Writ of Curam Nobis, Motion and Order to Vacate Order of Dismissal; Request Extension of Time for Response Due to Extreme Medical Emergencies; Request Pro Bono Attorney Due to Disabilities" (Dkt 18) is DENIED.

This case remains closed.

Date: July 7, 2010    /s/ Janet T. Neff
                                       JANET T. NEFF
                                       United States District Judge